**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| JOHN PAUL JONES, III,<br> Appellant,<br><br>v.<br><br>DEPARTMENT OF HEALTH AND<br> HUMAN SERVICES,<br> Agency. | DOCKET NUMBERS<br>DE-4324-16-0239-X-1<br>DE-3330-16-0151-X-1<br><br><br><br>DATE: November 15, 2022 |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

John Paul Jones, III, Albuquerque, New Mexico, pro se.

Laura VanderLaan, Esquire, Kansas City, Missouri, for the agency.

**BEFORE**

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member
Tristan L. Leavitt, Member

**FINAL ORDER**

¶1      On November 25, 2016, the administrative judge issued a compliance initial decision finding the agency in noncompliance with an August 17, 2016 settlement agreement, which had been entered into the record for enforcement by the Board

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

in the joined underlying appeals, MSPB Docket Nos. DE-0432-16-0239-I-1 (lead) and DE-3330-16-0151-I-1. *Jones v. Department of Health & Human Services*, MSPB Docket No. DE-4324-16-0239-C-1, Compliance File (CF), Tab 10, Compliance Initial Decision (CID). Accordingly, the administrative judge granted the appellant's petition for enforcement and ordered the agency to comply with its obligations under the settlement agreement. CID at 5-6. For the reasons discussed below, we now find the agency in compliance and DISMISS the petition for enforcement.

## DISCUSSION OF ARGUMENTS AND EVIDENCE ON COMPLIANCE

¶2　　On August 17, 2016, the parties entered into a settlement agreement resolving the appellant's joined appeals, in which he had challenged under the Uniformed Services Employment and Reemployment Rights Act and the Veterans Employment Opportunities Act the agency's determination that he was not qualified for a Public Health Advisor position at either the GS-13 or the GS-14 level because he failed to demonstrate the required fluency in French. CID at 1-3. The settlement agreement provided that the agency would reconsider its qualification determination, including the language requirement, for the appellant's application for the vacancy announcement at issue in the appeals. CID at 2. The reconsideration would be based on the appellant's original application package, and a written decision of the reconsideration would be issued to him no later than 10 calendar days after the effective date of the settlement agreement. CID at 2. The settlement agreement further provided that, if the reconsideration resulted in a finding that the appellant was qualified for a position under the vacancy announcement, he would receive a one-time priority consideration for the next appropriate vacancy for which he was qualified. CID at 3.

¶3　　Pursuant to the settlement agreement, an agency Supervisory Human Resources Specialist reconsidered the appellant's qualification for the Public

Health Advisor position at the GS-13 and the GS-14 levels. CF, Tab 1 at 22-23. By letter dated October 3, 2016, he informed the appellant that he concurred with the agency's original determination that he was not qualified because his résumé did not demonstrate French fluency in both oral and written communications. *Id.* The appellant filed a petition for enforcement with the Board, alleging that the agency had acted in bad faith because his application clearly demonstrated oral and written fluency in French. CF, Tab 1.

¶4 In the compliance initial decision, the administrative judge disagreed with the Supervisory Human Resources Specialist's determination that the appellant did not demonstrate French fluency in his application, finding instead that the appellant's résumé demonstrated both written and oral fluency in French. CID at 3-4. The administrative judge rejected the appellant's contention that the agency acted in bad faith in reviewing the fluency demonstrated in his application, noting that the appellant had not concisely set forth this information as would normally be expected. CID at 4. However, the administrative judge found that good faith required the agency to engage in a more complete review of the application than it had when it originally found that the appellant had not demonstrated the required French fluency. CID at 4-5. The administrative judge therefore found that the agency had breached the settlement agreement and directed the agency to reconstruct the hiring process by addressing whether the appellant was otherwise qualified for the position. CID at 5. The administrative judge directed the agency to communicate any other reasons for finding the appellant unqualified to the appellant, so he could elect whether to file a second petition for enforcement. *Id.* The administrative judge also strongly suggested that the agency have a subject matter expert review the appellant's application to determine whether he was otherwise qualified for the position. *Id.* The matter was then referred to the Board for consideration. *See* 5 C.F.R. § 1201.183.

¶5 The agency submitted a response to the administrative judge's compliance initial decision on December 14, 2016, indicating that it would review the

appellant's application package, as required by the compliance initial decision. *Jones v. Department of Health & Human Services,* MSPB Docket No. DE-4324-16-0239-X-1, Compliance Referral File (CRF), Tab 1 at 6. The appellant submitted a "Motion for a Deadline for the Agency's Compliance" on December 19, 2016, requesting that the agency be ordered to comply with the initial decision by December 21, 2016. CRF, Tab 2.

¶6    The agency submitted its statement of compliance on January 13, 2017. CRF, Tab 6. In that statement, the agency reported that it had assigned a Supervisory Human Resources Specialist and a subject matter expert to review the appellant's application. *Id.* at 4-5. The Human Resources Specialist found that the appellant's application package did not demonstrate the specialized experience required for the Public Health Advisor position at the GS-13 and GS-14 grade levels. *Id.* at 5. She explained that the appellant's experience was not directly related to the specialized experience required for the position in the area of public health service. *Id.* She also found that the specialized experience reported by the appellant that spanned a 30-year time frame did not show that the work he performed was done in a public health environment or public health program area. *Id.*

¶7    The agency's subject matter expert was an individual who had worked as a Public Health Advisor for the past 18 years, and who had served as a subject matter expert for public health positions twice before. *Id.* The subject matter expert also found the appellant unqualified for the position, stating that his résumé was hard to follow and did not clearly identify his employer, dates of employment, and job-specific experience. *Id.* at 6. He stated that the work experience the appellant described lacked any link to Public Health Advisor competencies and that the chronological work experience detailed did not certify the necessary years of specialized experience to qualify for the GS-13 or GS-14 levels of the position. *Id.*

¶8　　　　Based on the review of the appellant's application by these two individuals, the agency asserted that it had complied with the administrative judge's order to review the appellant's application for the Public Health Advisor position at the GS-13 and GS-14 levels to determine his qualifications, aside from French fluency. *Id.* The agency attached declarations from both of the individuals who reviewed the application, setting forth their conclusions. *Id.* at 12-23.

¶9　　　　The appellant submitted a statement in opposition to the agency's evidence of compliance, arguing that his veterans' preference rights were violated in prior cases he brought before the Board and that the agency's review of his application in the instant case was inadequate. CRF, Tab 8. He also alleged that the agency offered him money to settle his case, requested that the individuals who reviewed his application be removed from their positions, and stated that he wished to be placed in a Public Health Advisor position, be compensated under the Back Pay Act, and receive compensatory and consequential damages. *Id.* at 16-17.

¶10　　　　In response, the agency filed a motion to strike, stating that the appellant had filed 184 cases with the Board since December 2009 and requesting that references to previous settlement offers and discussions be stricken and not considered. CRF, Tab 9 at 4-5. The appellant filed a response to the agency's motion, arguing that the agency violated the confidentiality of settlement discussions and reiterating his allegation that the agency violated veterans' preference regulations. CRF, Tab 10.

¶11　　　　We find that the agency has submitted sufficient evidence to establish its compliance with the terms of the parties' settlement agreement. As discussed above, the agency produced evidence indicating that it reconstructed the hiring process by having a Human Resources Specialist and a subject matter expert review the appellant's application package to determine his qualifications for the position at issue. Because the agency has now demonstrated compliance, we dismiss the appellant's motion for a compliance deadline. Any references to previous cases or settlement discussions in prior cases or in the instant case have

not been considered in this decision; therefore, the agency's motion to strike the appellant's references to those cases or discussions is denied as moot. Based on the evidence of compliance submitted by the agency, we find the agency in compliance and dismiss the petition for enforcement.

¶12    This is the final decision of the Merit Systems Protection Board in this compliance proceeding. Title 5 of the Code of Federal Regulations, section 1201.183(c)(1) (5 C.F.R. § 1201.183(c)(1)).

## NOTICE OF APPEAL RIGHTS[2]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S.

---

[2] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision.  5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. ____ , 137 S. Ct. 1975 (2017).  If you have a

representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

(3) **Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**.  This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D).  If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[3]  The court of appeals must receive your petition for review within **60 days** of the date of issuance of this decision.  5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

---

[3] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction.  The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD: _____/s/ for_____

Jennifer Everling
Acting Clerk of the Board

Washington, D.C.